MARY KENNY, Respondent, *v.* ROBERT J. DOHERTY, Appellant.

Contract — alleged verbal contract employing plaintiff for life — when such contract cannot require employer to limit family to himself alone.

A verbal contract by defendant's wife to employ plaintiff as a cook and provide a home for her during her life was not binding upon defendant after his wife's death, and even if defendant afterward made an alleged verbal contract to employ plaintiff as a cook for him for life at larger pay, but to serve him alone, such contract did not compel him to limit the family to himself, and where defendant thereafter took the orphaned children of his brother into his family and plaintiff left for that reason, she cannot recover for a breach of the alleged

contract. A contract to limit one's family for life must be clearly expressed; it is not a reasonable inference in this case, and when defendant offered plaintiff a home, more money than the contract made by his wife called for, and his conduct was in the utmost good faith, the plaintiff was not justified in throwing up her employment and recovering from him for breach of contract.

*Kenny* v. *Doherty,* 187 App. Div. 888, reversed.

(Argued October 22, 1920; decided November 16, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 10, 1919, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Cunneen* for appellant. The contract made between the plaintiff and defendant after the death of defendant's wife discharged, abrogated and terminated whatever arrangements had heretofore existed. (*Consumer* v. *Ashburn,* 81 Fed. Rep. 331; *U. S.* v. *Lamont,* 155 U. S. 303; *Lewis* v. *Cobe,* 180 Ill. App. 466; *Triangle Waist Co.* v. *Todd,* 168 App. Div. 693.)

*John B. Doyle* for respondent. There was no mutual discharge of plaintiff's contract nor did she abandon the service for which she was employed. (*Coy* v. *Martin,* 29 App. Div. 418.)

CRANE, J. The plaintiff has recovered from the defendant a verdict of $1,500 for breach of a contract to employ her as a cook for life. In her complaint she alleges that, on the 15th day of September, 1915, at Piedmont, in the state of California, the defendant promised and agreed to pay her $35 a month and provide her with board and lodging in his exclusive household for the rest of her life. The defendant denied the contract and also pleaded the abandonment by the plaintiff. The

judgment entered upon the verdict was affirmed by the Appellate Division, two of the justices dissenting.

We are of the opinion that the evidence does not make out the contract alleged and that the plaintiff herself abandoned the service.

The facts, briefly, are as follows:

The defendant, Robert J. Doherty, and his wife were residents of New York city, he having been in the employ of the Twombly estate for over twenty-nine years.

The plaintiff had been known for some time to Mrs. Doherty as evidenced by friendly correspondence between them.

In September of 1915 the Dohertys were in California and met the plaintiff on which occasion the contract of employment was alleged to have been made. The plaintiff testifies that Mrs. Doherty in the presence of her husband said: " I will give you a home as near as I possibly can to this, I will try to find as nice a kitchen for you and as nice a home and you will have a home with me and Mr. Doherty while you live. * * * I told her that I could not work for less than $30 a month and she said, ' Oh, Mary, you will have a home while you live with me and while you live I will take care of you.' "

This, in substance, is all that was said regarding the contract. To what circumstances and situation was such a contract to apply? It had reference to service in a home run and conducted by Mrs. Doherty. It must have a reasonable interpretation, especially when we remember that the spoken word or a running conversation is not as accurate and as precise as when reduced to writing.

In October of 1916 Mrs. Doherty died, and the defendant continued his apartment for awhile with the assistance of the plaintiff, raising her wages to $40 a month. The plaintiff says that the contract was one to serve the defendant and no one but him; that she was not obliged to take orders from anybody else, but that he was compelled

1920.] Opinion, per CRANE, J. [230 N. Y.]

to keep her and employ and maintain a home for her benefit as long as she lived. The following is her testimony in this particular:

"I asked him if he was not going to be yet my boss, that I came from California to make my home with him and that I did not want anybody else to have anything to say or anything to do with me outside of him. Any rules or orders I was to get through him." Such a contract cannot be spelled out of anything that Mrs. Doherty said to the plaintiff in California. Such a meaning given to the words would be highly unreasonable.

Mrs. Doherty told the plaintiff to come to her, and in the words as given by the plaintiff said:

"You will have a home while you live with me. While I live I will take care of you."

This was the contract. The plaintiff came with Mrs. Doherty. She had a home with her as long as Mrs. Doherty lived and when Mrs. Doherty died the service being personal died with her. There was no obligation upon the part of the husband to thereafter maintain an establishment or live by himself to maintain the plaintiff.

But conceding that the defendant employed the plaintiff for her life to serve his home as a cook, yet he was not forced to limit the family to himself and wife, or after her death to himself at the demand of his servant.

The plaintiff undertook to dictate to the defendant of what his family should consist. In October, 1916, after his wife's death, the defendant's brother died and a few months later the brother's wife, leaving five orphan children. The defendant procured a house in White Plains, got his cousin to come from Ithaca to run it and undertook to care for and support his brother's children. This was to be his home. He offered the plaintiff $50 a month to come with him into this new home. She concedes all this in her testimony but says that her contract was to serve him alone and to take orders solely from him and that she was not obliged to work for or serve his

48    People ex rel. Alpha P. C. Co. *v.* Knapp.

[230 N. Y.]    Statement of case.    [Nov.,

cousin who had come to help him. Her testimony upon this I have quoted above.

We think, even conceding that the defendant contracted with the plaintiff to employ her as a servant for life and to give her a home, he did not break this contract when, by reason of death and other natural changes in his family, his home circle became increased in number by those dependent upon him for support.

Times may have modified greatly the position of cook in the household, but a contract to limit one's family for life must be clearly expressed; it is not a reasonable inference in this case.

When the defendant offered her a home, more money than the contract called for and his conduct was in the utmost good faith, the plaintiff was not justified in throwing up her employment and recovering from him for breach of contract.

The judgment recovered below must be reversed and the complaint dismissed, with costs in all courts.

Hiscock, Ch. J., Chase, Hogan, Cardozo, McLaughlin and Andrews, JJ., concur.

Judgment reversed, etc.